UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MELINDA R. DURBIN-GRAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:08CV242HEA |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security ) | |
| ) | |
| Defendant, ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the Report and Recommendation, of Magistrate Judge Audrey G. Fleissig, that the decision of the Commissioner be affirmed. Plaintiff has filed written objections to the Report and Recommendation. When a party objects to the magistrate judge's report and recommendation, the Court must conduct a *de novo* review of the portions of the report, findings, or recommendations to which the party objected. See *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir.2003) (citing 28 U.S.C. § 636(b)(1)). Pursuant to 28 U.S.C. § 636, the Court will therefore conduct such a *de novo* review.

This Court's review is limited to a determination of whether the decision of the ALJ is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir .2002).

> "Substantial evidence is less than a preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion." *Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir.2001). But "[t]he substantial evidence test employed in reviewing administrative findings is more than a mere search of the record for evidence supporting the [Commissioner's] findings." *Gavin v. Heckler,* 811 F.2d 1195, 1199 (8th Cir.1987). " 'Substantial evidence on the record as a whole' ... requires a more scrutinizing analysis." *Id.* (quoting *Smith v. Heckler,* 735 F.2d 312, 315 (8th Cir.1984)). In reviewing the administrative decision, "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB,* 340 U.S. 474, 488, 71 S.Ct. 456, 95 L.Ed. 456 (1951), *quoted in Gavin,* 811 F.2d at 1199.
>
> In general, the claimant bears the burden of proving his or her entitlement to disability insurance benefits under the Social Security Act. 20 C.F.R. § 404.1512(a); *Thomas v. Sullivan,* 928 F.2d 255, 260 (8th Cir.1991).

*Coleman v. Astrue* 498 F.3d 767, 770 (8th Cir. 2007).

Plaintiff objects to Judge Fleissig's recommendation that the Commissioner's denial of her application for a Period of Disability and Disability Insurance Benefits under Title II of the Social Security Act be affirmed. Plaintiff resubmits most of the arguments[1] presented to Judge Fleissig, almost verbatim. Judge Fleissig thoroughly discussed these all arguments, however, in light of this Court's duty to conduct a *de novo* review of those portions of the Report and Recommendation to which Plaintiff objects, the Court will also consider these arguments.

---

[1] Plaintiff's objections do not include her argument that "the administrative law judge was in error by failing to evaluate the combined effects of all of the impairments of the claimant."

Plaintiff argues that the Administrative Law Judge (ALJ) did not consider that Plaintiff had trouble focusing and concentrating when determining that Plaintiff could perform her past relevant work as a cashier and that she had the residual functional capacity (RFC) to perform simple, routine, repetitive tasks. Quite the contrary, the ALJ discussed Plaintiff's impairments and symptoms, both individually and in combination. The ALJ's decision includes all the medical records before him and the testimony presented at the hearing. He discussed and considered the entire record, which clearly includes these two impairments. The ALJ did not, as Plaintiff argues, deny the claim because of opportunities for work that are merely conceivable and not reasonably possible given her limitations and health problems. After consideration of Plaintiff's limitations and health problems individually and in combination, the ALJ concluded that Plaintiff was not disabled. *Hajek v. Halala*, 30 F.3d 89, 92 (8th Cir. 1994).

Plaintiff also argues that the ALJ failed to give Plaintiff's treating physician's medical reports "great weight." As Judge Fleissig correctly reports, the ALJ noted that Dr. Bharwani's findings were essentially unremarkable. From June 1. 2005 through November 1, 2006, although Plaintiff's mood may have been depressed, Plaintiff displayed good eye contact; had normal psychomotor activity, speech, and intellectual functioning; had coherent thought processes and logical thinking, was

goal directed; and did not exhibit hallucinations or suicidal ideation. The ALJ considered Plaintiff's treating physician's notes and gave them the proper weight to be given in light of the content of the notes.

Finally, Plaintiff again argues that the ALJ's evaluation of Plaintiff's daily activities should not be used to indicate the absence of a disability. The record is clear that the ALJ did not improperly evaluate Plaintiff's daily activities to indicate the absence of a disability. Rather, the ALJ, in considering the entire record before him, assessed Plaintiff's daily activities as one factor to be considered in the overall assessment of Plaintiff's claims. The ALJ's determination was not improperly based solely on the articulated daily activities. Consequently, the ALJ's determination is entitled to deference. *Strongson v. Barnhart*, 361 F.3d 1066, 1072 (8th Cir. 2004). Judge Fleissig correctly states the law: while there is evidence in this case that might support a contrary result, the Court is not at liberty to reweigh the evidence presented to the ALJ or to try the issues *de novo*. *Wiese v. Astrue*, 552 F.3d 728, 730 (8th Cir. 2009).

Judge Fleissig thoroughly analyzed Plaintiff's claims. The Report and Recommendation details the law and its application to the facts contained in the administrative record. The Report and Recommendation is adopted and Plaintiff's objections thereto are overruled in their entirety.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commission is affirmed.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 23rd day of March, 2009.

_____
   HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE